UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

DENNIS B. GRADY,

    Plaintiff,

v.                                           Case No. 1:07-CV-242

STATE OF MICHIGAN, MICHIGAN       HON. GORDON J. QUIST
STATE POLICE, PETER MUNOZ,
MICHIGAN DEPARTMENT OF
MANAGEMENT AND BUDGET,
LISA WEBB SHARPE,

    Defendants.

_____/

**MEMORANDUM OPINION AND ORDER**

      Plaintiff, Dennis B. Grady, has filed a Motion for Relief From Judgment under Fed. R. Civ. P. 60(b). Grady filed his complaint against Defendants on March 12, 2007, alleging discrimination on the basis of race and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and Michigan's Elliott-Larsen Civil Rights Act, M.C.L. § 37.2101, *et seq.* Because Grady did not file proof of service with the court within 120 days of filing his complaint, the Clerk of the Court entered an order on June 29, 2007, notifying Grady of its intent to dismiss the case without prejudice pursuant to Fed. R. Civ. P. 4(m) absent a showing of good cause. The order instructed Grady to show good cause why the case should not be dismissed by July 10, 2007. Because this court received no response from Grady, the court entered an order dismissing the case without prejudice on August 28, 2007. As of the date of this Memorandum Opinion and Order, the court's records still do not show service upon any defendant, which service might violate court rules in any event. Fed. R. Civ. P. 4(m).

On March 5, 2008, Grady filed an *ex parte* motion for relief from judgment under Fed. R. Civ. P. 60(b).  In his motion, Grady asserts that the failure to serve was the result of his counsel, Douglas C. Cunningham.  Grady claims that he does not know why Cunningham failed to serve Defendants and that he never instructed Cunningham not to serve Defendants.  Grady alleges that Cunningham never told him that he did not serve Defendants and that Cunningham never informed him of the Notice of Impending Dismissal or the Order of Dismissal.  Grady alleges that between August and December of 2007, he attempted to contact Cunningham regarding the status of his case several times and that Cunningham either ignored him or was evasive.  Grady claims that he was not made aware of the dismissal until December 14, 2007, at which point he retained different counsel.  Grady filed a complaint against Cunningham with the State of Michigan Attorney Grievance Commission, and he has now filed this motion asking the court to vacate its Order of Dismissal and allow Grady reasonable time to effectuate service of process on Defendants.

Fed. R. Civ. P. 60(b) provides that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Grady moves for relief on the basis of Rule 60(b)(1), (5), and (6).  "The party seeking to invoke the Rule bears the burden of establishing that its prerequisites are satisfied."  *McCurry v. Adventist Health Sys./Sunbelt Inc.*, 298 F.3d 586, 592 (6th Cir. 2002).

A party seeking relief under Rule 60(b)(1) must first establish "mistake, inadvertence, surprise, or excusable neglect."  *Williams v. Meyer*, 346 F.3d 607, 613 (6th Cir. 2003).  To qualify as "excusable neglect," a party's conduct must not be culpable.  *Id.*  "A party's conduct is culpable

2

if it 'displays either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings.'" *Id.* (quoting *Amernational Indus. v. Action-Tungsram, Inc.*, 925 F.2d 970, 978 (6th Cir. 1991)). Grady argues that this court should grant relief under Rule 60(b)(1) because it was his counsel's conduct, not his, that led to the dismissal of his claim. Grady argues that he was diligent in discovering his attorney's errors, and therefore, any neglect on his part was excusable.

Grady's attempt to distinguish his conduct from that of his attorney fails under Rule 60(b)(1) because, "a determination of 'excusable neglect' does not turn solely on whether the *client* has done all that he reasonably could do to ensure compliance with a deadline; the performance of the client's *attorney* must also be taken into account." *Allen v. Murph*, 194 F.3d 722, 724 (6th Cir. 1999) (emphasis in original). While it appears that Grady has done everything he could reasonably do to assert his rights, the court cannot say that the conduct of Grady's original counsel was "excusable neglect." Cunningham filed the complaint, but then inexplicably and without instruction (according to Grady) failed to serve Defendants. In the process, Cunningham ignored this court's Notice of Impending Dismissal. Such conduct exhibits "a reckless disregard for the effect of [his] conduct on th[e] proceedings." *Williams*, 346 F.3d at 613. Because this conduct is imputed to Grady for purposes of Rule 60(b)(1), Grady cannot obtain relief from the court's order under this subsection. Additionally, Rule 60(b)(5) does not provide grounds for relief because the final order is not a judgment that has been satisfied, it is not based on a previous judgment that has been reversed or vacated, and it does not apply prospectively.

Grady's final ground for relief is Rule 60(b)(6). "A district court should grant relief from operation of a judgment under Rule 60(b)(6) when it determines in its sound discretion that substantial justice would be served." *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578 (6th Cir. 1998). Moreover, relief should be granted "only in exceptional or extraordinary circumstances

3

which are not addressed by the first five numbered clauses of Rule 60(b)." *Id.* (citing *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989)).  While an attorney's conduct is typically imputed to the party he represents for purposes of the other subsections of Rule 60(b), courts are split on whether an attorney's conduct may be so grossly negligent that it qualifies as an exceptional or extraordinary circumstance justifying relief under Rule 60(b)(6).  *Compare Comm. Dental Serv. v. Tani*, 282 F.3d 1164, 1169 (9th Cir. 2002) ("We join the Third, Sixth, and Federal Circuits in holding that where the client has demonstrated gross negligence on the part of his counsel, a default judgment against the client may be set aside pursuant to Rule 60(b)(6)."), *with United States v. 7108 W. Grand Ave.*, 15 F.3d 632, 635 (7th Cir. 1994) (holding that gross negligence of an attorney does not constitute grounds for relief under Rule 60(b)(6)).

In at least two cases, the Sixth Circuit has held that an attorney's gross misconduct may qualify for relief under Rule 60(b)(6).  In *Fuller v. Quire*, 916 F.2d 358 (6th Cir. 1990), the Sixth Circuit reviewed a district court decision granting relief from an order dismissing the plaintiff's case for lack of prosecution.  The court entered the order after plaintiff's counsel failed to appear at the "court's docket call" as ordered.  However, plaintiff was never notified by his attorney of the docket call or the dismissal of his case.  Plaintiff stated that he attempted to contact his counsel several times, but his phone calls were never returned.  The Sixth Circuit held that "[t]he trial judge properly granted relief from the judgment in order to avoid penalizing plaintiff, who displayed reasonable diligence in attempting to discover the status of his case, for the inexcusable misconduct of his attorney." *Id.* at 361.  The Sixth Circuit reaffirmed this principle in *Valvoline Instant Oil Change Franchising, Inc. v. Autocare Assoc., Inc.*, No. 98-5041, 1999 WL 98590 (6th Cir. Jan. 26, 1999).  In *Valvoline*, the court considered whether gross negligence on behalf of defendants' counsel, who allegedly suffered from a mental disorder, was sufficient to set aside a default judgment under Rule 60(b)(6).  Although the court stated that the focus is "on the neglect

4

of defendants themselves as well as on the neglect of their counsel," *Id.* at *4, the court found relief appropriate because while counsel "was grossly negligent . . . it appears that defendants themselves were not negligent," *Id.* Moreover, the court noted that "the record is void of any evidence that defendants were derelict in defending the underlying action." *Id.*

Based upon the representations of Grady and his new attorney and accepting those representations at face value, it appears that this case is similar to both *Fuller* and *Valvoline*. Like those cases, Grady's counsel was grossly negligent. After filing the complaint in this court, Cunningham made no further effort to represent Grady. Ensuring proper service of process is a fundamental responsibility of an attorney, and one that Grady reasonably expected Cunningham to perform. Cunningham even failed to respond to the court's Notice of Impending Dismissal. Moreover, Cunningham made no effort to apprise Grady of the status of the case; in fact, according to Grady, Cunningham was extremely evasive and ignored Grady's repeated inquiries. Additionally, under the alleged circumstances, Grady was reasonably diligent in securing new counsel and filing this motion. Like *Fuller* and *Valvoline*, counsel's inexcusable conduct led to the dismissal of the case, and Grady himself was not negligent. Therefore, the court concludes that Cunningham's conduct presents an "exceptional or extraordinary" circumstance sufficient to grant relief under Rule 60(b)(6). Finally, the court determines that granting Grady relief would serve substantial justice by allowing substantive motions and the facts, if necessary, to be addressed on the merits, and, at this time, there is no evidence that Defendants would be prejudiced.

Therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Ex Parte Motion to Reopen Case (docket no. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall reopen the case and issue summonses for Defendants, and Plaintiff shall effectuate service of process, or show good cause why service cannot be completed, within sixty (60) days of the issuance of the summonses.

**IT IS FURTHER ORDERED** that Defendants shall have twenty (28) days from service of the complaint to file their answer or any motion including a motion to set aside this Memorandum Order.


Dated:  April 23, 2008                                            /s/ Gordon J. Quist
                                                                              GORDON J. QUIST
                                                                   UNITED STATES DISTRICT JUDGE